UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BILLY EUGENE CONN,<br><br>      Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | 4:16-CV-4087-KES<br><br>MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

  Petitioner, Billy Eugene Conn, moves to correct his sentence because of a possible *Johnson* claim under 28 U.S.C. § 2255. Respondent, United States of America, opposes the motion and moves to dismiss Conn's motion. Docket 7. For the following reasons, the court denies Conn's petition.

## BACKGROUND

  Conn entered a plea of guilty to one count of conspiracy to distribute a controlled substance. In his presentence report, the total offense level was calculated to be 31, and a Chapter Four enhancement was applied. PSR at ¶ 28. Conn objected to the application of the Chapter Four enhancement. The court ruled in favor of Conn and found that the career offender enhancement under U.S.S.G. § 4B1.1 did not apply. As a result, without the Chapter Four enhancement, Conn's advisory guideline range was 100 to 125 months based on a total offense level of 27 and a criminal history category of IV. Conn was

sentenced on March 7, 2016, to 100 months in custody—the bottom of his advisory guideline range.

Conn now moves to correct his sentence because of the new rule of constitutional law that was announced by the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015). By standing order of the Chief Judge for the District of South Dakota, the Federal Public Defender was appointed to represent Conn. The Federal Public Defender filed a notice of intent not to supplement Conn's pro se filing. Docket 4. The United States now moves to dismiss Conn's motion for failure to state a claim. Docket 7.

## DISCUSSION

*Johnson* addressed the application of the "residual clause" found in the Armed Career Criminal Act, at 18 U.S.C. § 924(e)(2)(B)(ii). But Conn was not convicted under the Armed Career Criminal Act. Additionally, no sentencing enhancements were applied to him that included residual-clause language. Thus, he has no claim that *Johnson* somehow invalidated his guidelines application. Because there is no connection between the new rule announced in *Johnson* and Conn's sentencing, Conn's motion for a sentence correction is denied.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2255 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). The court finds that Conn has not made a substantial showing that his claim is debatable among reasonable jurists, that another court could resolve the issues raised in that claim differently, or that a question raised by that claim deserves further proceedings. Consequently, a certificate of appealability is denied.

## CONCLUSION

Conn has not demonstrated that he is entitled to a sentence reduction under *Johnson*. And the court denies a certificate of appealability. Thus, it is

ORDERED that Conn's Motion to Correct his sentence is denied (Docket 1).

IT IS FURTHER ORDERED that the United States' motion to dismiss (Docket 7) is granted.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

Dated August 17, 2016.

BY THE COURT:

/s/ *Karen E. Schreier*

                                             KAREN E. SCHREIER  
                                             UNITED STATES DISTRICT JUDGE